Angel ORTEGA–ALCANTAR; Maria
Guadalupe Lopez Arredondo,
Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–74622.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

Linnette Tano Clark, Law Office of Linnette Tano Clark, Los Angeles, CA, for

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Petitioners.

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Erika Johnson–Brooks, Esq., USLA—Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Daniel E. Goldman, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Angel Ortega–Alcantar and Maria Guadalupe Lopez Arredondo, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") order denying their applications for cancellation of removal and denying their motion to remand based on ineffective assistance of counsel. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that the petitioners failed to demonstrate that their two United States citizen children would experience exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir. 2005). We therefore dismiss the petition

for review to the extent it challenges the hardship finding. *See id.*

We review for abuse of discretion the denial of a motion to remand. *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). The BIA did not abuse its discretion in denying the motion to remand because the petitioners failed to demonstrate how the outcome of the proceedings would have been affected had their counsel acted differently, and thereby failed to show prejudice. *See Iturribarria v. INS,* 321 F.3d 889, 899–900 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

